IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CWIK,            **Plaintiff,**  v.  FIRST STOP HEALTH, L.L.C., PATRICK SPAIN, KENNETH ANDERSON and MARIA OPDYCKE            **Defendants.** | Case No. 15 C 06238  JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Andrew Cwik ("Plaintiff"), by and through his undersigned counsel, brings this action against First Stop Health, L.L.C. ("Defendant FSH"), Patrick Spain ("Defendant Spain"), Kenneth Anderson ("Defendant Anderson") and Maria Opdycke ("Defendant Opdycke") and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for unpaid wages, unpaid commission, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter FLSA), the Illinois Minimum Wage Law 820 ILCS §§ 105 *et seq.* (hereinafter IMWL) and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et. seq.* (hereinafter IWPCA).

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA.

4. Defendant FSH is covered by the provisions of the FLSA because Defendant FSH is an "enterprise" under the FLSA, 29 U.S.C. 203(s)(1)(A). Defendant FSH has employees engaged in commerce and Defendant FSH's revenue exceeds $500,000.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because all of the defendants reside in, and conduct business within, this District and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

7. Plaintiff is an adult citizen of Chicago, Illinois. Plaintiff was employed by the defendants from December 7, 2012 to March 10, 2015. Plaintiff worked, among other places, in Defendant FSH's offices located in Chicago, Illinois.

8. Plaintiff filled several different positions for Defendants, including project manager, customer service representative and account manager. During the relevant time period, Plaintiff was required to, among other things, answer customer service calls and listen to recorded physician consultation calls. In or around January 2014, Plaintiff was promoted to Director of Client Services and Project Management. Throughout the relevant time period and while Plaintiff was employed by Defendant FSH, he was not free from direction or control in performing his duties.

9. Defendant FSH is a company with its corporate headquarters located in Chicago, Illinois. Defendant FSH provides telemedicine services to consumers and employers nationwide, including throughout this District, treating its members' health issues over the phone and online, any time of the day or night. Throughout the relevant period, Defendant FSH was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d), the IWPCA 820 ILCS §§ 115/2, and was actively engaged in the activities described herein.

10. Defendant, Patrick Spain ("Defendant Spain") is the Chief Executive Officer "CEO" of Defendant FSH. In these capacities, Defendant Spain was involved in the day to day business operations of Defendant FSH and he had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify

Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Defendant Spain acted and had responsibility to act on behalf and in the interests of Defendant FSH in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the minimum wage and overtime requirements of the FLSA. At all times hereinafter mentioned, Defendant Spain was an "employer" as defined by the FLSA, the IMWL and the IWPCA. *See* FLSA, 29 U.S.C. § 203(d), IWPCA, 820 ILCS § 115/13, and IMWL, 820 ILCS § 105/3.

11. Defendant, Maria Opdycke ("Defendant Opdycke"), is the Chief Operating Officer for Defendant FSH. In these capacities, Defendant Opdycke was involved in the day to day business operations of Defendant FSH and she had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Defendant Opdycke acted and had responsibility to act on behalf and in the interests of Defendant FSH in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the minimum wage and overtime requirements of the FLSA. At all times hereinafter mentioned, Defendant Opdycke was an "employer" as defined by the FLSA, IWPCA and the IMWL. *See* FLSA, 29 U.S.C. § 203(d), IWPCA, 820 ILCS § 115/13, and IMWL, 820 ILCS § 105/3.

12. Defendant, Kenneth Anderson ("Defendant Anderson"), was the Vice-President of Client Services for Defendant FSH. In these capacities, Defendant Anderson was involved in the day to day business operations of Defendant FSH and had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Defendant Anderson acted and had responsibility to act on behalf and in the interests of Defendant FSH in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the minimum wage and overtime requirements of the FLSA. At all times hereinafter mentioned, Defendant Anderson was an "employer" as defined by the FLSA, the IWPCA and the IMWL. *See* FLSA, 29 U.S.C. § 203(d), IWPCA, 820 ILCS § 115/13, and IMWL, 820 ILCS § 105/3.

## COUNT I
**Failure to Pay Overtime Wages in Violation of the FLSA**

13. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

14. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

15. Throughout the relevant period, Defendants violated the FLSA by misclassifying Plaintiff as exempt from the FLSA's overtime pay requirement, even though he did not satisfy any test for exemption.

16. Throughout the relevant period, Defendants violated the FLSA by failing to maintain records of the time actually worked by the Plaintiff on a weekly basis.

17. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff to perform overtime work without being paid an overtime premium.

18. During the time that Plaintiff worked for Defendants, and in particular from mid-2013 through March 10, 2015, Plaintiff worked an average of 10-16 hours per day Monday through Friday and approximately 3-10 hours on Saturdays and Sundays.

19. Plaintiff estimates that on average, he worked 50-90 hours per week. However, Plaintiff was informed by, among others, Defendant Spain, that he would not be paid for any hours he worked in excess of 40 hours per week.

20. Plaintiff was expected by Defendants to be "on-call" at all times, and was expected to take and return all customer service calls at all hours of the morning and night, including before coming into the office, after leaving for the day, during lunch breaks and on days off.

21. Similarly, Plaintiff was expected to respond to customer service issues via phone and/or email at all times, including before and after the work day and on days off. Plaintiff was instructed by Defendants to not wait to respond to such calls.

22. Plaintiff's office phone would often be set up to be forwarded to Plaintiff's cell phone when he was not physically in the office so that he could be contacted at any time and would have to respond to calls from clients. The phones were often forwarded to Plaintiff's phone without his permission, and if Plaintiff asked to not have the office phone forwarded, he was threatened with termination.

23. Throughout the relevant period, Plaintiff worked in excess of 40 hours per week, but was not paid an overtime premium of 1½ times his regular hourly rate for those additional hours.

24. Plaintiff has been harmed as a direct and proximate result of Defendants' unlawful conduct because he has been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

25. Defendants are liable to Plaintiff for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. § 216(b).

## COUNT II
**Failure to Pay Overtime Wages in Violation of the IMWL**

26. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

27. The IMWL requires Illinois employers, including Defendants, to pay overtime compensation to all non-exempt employees.

28. The IMWL requires Defendants to pay Plaintiff for all time worked in excess of 40 hours in a week at the rate of one-and-one-half times his regular hourly rate.

29. Defendants' actions, policies and/or practices as described above violate the overtime requirements of the IMWL by failing to compensate Plaintiff for hours worked in excess of 40 in a week at one-and-one-half times his regular rate.

30. Plaintiff estimates that on average, he worked 50-90 hours per week.

31. Plaintiff was expected to respond to calls and emails from clients and management at all hours of the day, during breaks, after work, and on days off.

32. As a direct and proximate result of this practice, Plaintiff has suffered loss of income and other damages to be determined at trial.

33. Under 820 ILCS § 105/12:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

34. Thus, Plaintiff is entitled to attorneys' fees and costs, his unpaid wages, and damages of 2 percent of the amount of the underpayments compounded monthly from the date of each underpayment.

35. Under 820 ILCS § 105/8:

> Every employer subject to any provision of this Act or of any order issued under this Act shall make and keep for a period of not less than 3 years, true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee, and such other information and make such reports therefrom to the Director as the Director may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this Act or of the regulations thereunder.

36. By failing to record and preserve records of hours worked by Plaintiff, Defendants have violated the provisions of Section 8 of the IMWL.

## COUNT III
### Failure to Pay Wages in Violation of the IWPCA

37. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

38. Throughout his employment with Defendants, Plaintiff was supervised by and reported to, among others, Defendant Spain and Defendant Opdycke.

39. In consideration for his employment, Defendants offered, and Plaintiff accepted, among other things, payment of an hourly rate plus an equity ownership interest in Defendant FSH.

8

40. At all times, Defendants, through Defendant Spain and others, expressly stated and entered into an agreement with Plaintiff providing that: (a) his equity ownership interest in Defendant FSH was an integral part of his compensation; and (b) he would be entitled to retain or redeem upon the termination of his employment his equity ownership interest in Defendant FSH.

41. Throughout the term of his employment, and at all times relevant here, Plaintiff's equity ownership interest in Defendant FSH was determined by Defendant FSH's standard policy and its interpretation of that policy.

42. Notwithstanding their agreement, Defendants have refused, and continue to refuse, to pay Plaintiff for his earned equity ownership interest in Defendant FSH and overtime wages as alleged herein.

43. The Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et. seq.*, among other things, creates a private cause of action to recover payment of wages and payment for earned compensation.

44. Under 820 ILCS § 115/14:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

45. Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, by failing to compensate Plaintiff for his earned equity ownership interest in Defendant FSH and overtime wages as alleged herein.

46. Thus, Plaintiff is entitled to attorneys' fees and costs, his unpaid wages, and damages of 2 percent of the amount of the final compensation compounded monthly from the date of each underpayment.

WHEREFORE, Plaintiff respectfully prays for an Order:

   a. Finding that Defendants violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiff;

   b. Finding that Defendants willfully violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiff;

   c. Granting judgment in favor of Plaintiff on his FLSA claim;

   d. Finding that Defendants violated the applicable overtime provisions of the IMWL by failing to pay all required wages to Plaintiff;

   e. Finding that Defendants violated the applicable provisions of the IWPCA by failing to pay Plaintiff his earned equity ownership interest in Defendant FSH and overtime wages;

   f. Awarding compensatory damages to Plaintiff in an amount to be determined;

   g. Awarding pre-judgment interest to Plaintiff on all compensatory damages due;

   h. Awarding liquidated damages to Plaintiff on all compensatory damages due in this action;

   i. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim; and

   j. Awarding any further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

                                          Respectfully submitted,

Dated: July 16, 2015                    /s/ Jeffrey R. Kulwin
                                          KULWIN, MASCIOPINTO & KULWIN, L.L.P.
                                          161 North Clark Street, Suite 2500
                                          Chicago, IL 60601
                                          (312) 641-0300
                                          (312) 855-0350 (f)
                                          jkulwin@kmklawllp.com


                                          /s/ James B. Zouras
                                          STEPHAN ZOURAS, LLP
                                          205 North Michigan Avenue, Suite 2560
                                          Chicago, IL 60601
                                          (312) 233 1550
                                          (312) 233 1560 (f)
                                          jzouras@stephanzouras.com

                                          *Counsel for Plaintiff*